JEANETTE YVONNE HOBBS,

          Plaintiff,

                                 Case No. 19-cv-705-pp

   v.

NANCY BERRYHILL,

          Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states that she is not employed, not married, and that she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff states that she receives $1,016.80 per month in Social Security benefits and a pension of $380.82 per month. Id. at 2. The plaintiff's expenses are $1,199 per month ($754 for rent and $445 in other

household expenses). Id. at 2-3. The plaintiff states that she also pays a $30 monthly water bill with her rent, $65 per month for medical expenses in order to have needed help in her home, and rental insurance of $25 per month. Id. at 4. Although the plaintiff has $700 in a checking account, she states that that amount is to pay her rent on the first of the month. Id. at 3. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that she was disabled at the time period included in this case and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits to the plaintiff are not supported by substantial evidence and/or are contrary to law and regulation. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's

appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 14th day of May, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**